MORTON, APPELLANT, *v.*
MORTON, APPELLEE.

(No. 47734—Decided July 9, 1984.)

*Dennis M. Callahan,* for appellant.
*Edward C. Lucey,* for appellee.

PARRINO, P.J. This cause arises from a complaint for divorce filed in the domestic relations division of the common pleas court by plaintiff-appellant, William J. Morton, Jr., on September 28, 1982 and an answer and counterclaim filed by defendant-appellee, Judith Ann Morton, on October 26, 1982.

The record shows that the parties reached a property settlement agreement before a referee on February 7, 1983. A referee's report filed February 18, 1983 states that the parties had entered into the agreement. On April 5, 1983, prior to the entry of judgment, defendant filed a "Motion to Vacate Judgment Entry." She claimed that the agreement of February 7 was unfair and was made after misrepresentations had been made to her.

On May 16, 1983 the trial court conducted a hearing on the "Motion to Vacate." The trial court's journal entry of June 1, 1983 indicated that it treated defendant's motion to vacate as objec-

tions to the referee's report. Furthermore, the court found the settlement agreement unfair and ordered a trial *de novo*.

On July 8, 1983 appellant filed a motion to modify temporary alimony. He requested that the terms of the February agreement be followed pending a final resolution of the divorce proceedings. A hearing was conducted in July 1983. The trial court overruled appellant's motion to modify temporary alimony and ordered appellant to pay arrearages. Furthermore, the court on August 4, 1983 dismissed appellant's complaint and appellee's counterclaim. Both parties filed motions for a new trial.

Appellee also filed a motion to show cause and for attorney fees on September 2, 1983. She complained that appellant had not paid his alimony obligations. The trial court held a hearing on September 27, 1983 on the motions for a new trial and the motion to show cause.

The court issued the following journal entry, which was filed with the clerk's office on October 4, 1983:

"On September 27, 1983 both counsel and parties appeared in open court for a hearing on Plaintiff's Motion for a New Trial (no. 63083), Defendant's Motion for a New Trial (no. 62594), Defendant's Motion to Show Cause and for Attorney Fees (no. 63619) and Plaintiff's Motion to Stay (unnumbered) filed September 27, 1983.

"The Court indicated to the counsel and parties that the pleadings were thoroughly litigated and that the parties were given ample opportunity to resolve their differences both before the trial and after the filing of their post decree motions.

"As a matter of fact counsel for the Plaintiff has filed a new complaint for divorce which has been assigned to another Judge of this court.

"The court finds no grounds for granting either party a Motion for a New Trial.

"Accordingly both motions are overruled.

"Further the court finds that Defendant [*sic*] has not complied with judgment entry of August 4, 1983 (Vol. 926 Pg. 842) and is in the arrears of $2,112.00. Plaintiff is in contempt of court.

"IT IS THEREFORE ORDERED that the arrears of $2,112.00 be reduced to judgment.

"Further the court finds that counsel for Defendant expended 4½ hours in the promotion of preparing and trying the motion as set forth in *Exhibit 'A' attached*.

"IT IS FURTHER ORDERED that attorney fees in the amount of $750.00 be awarded to Defendant's counsel for which judgment will issue.

"Pending the resolution of the new filing execution on the judgments are stayed.

"Motion to Stay granted.
"Costs to Plaintiff.
"IT IS SO ORDERED." (Emphasis added.)

No Exhibit "A" was attached.

The same journal entry was received by the clerk's office on October 13, 1983 to which Exhibit "A" was attached.

Appellant filed his notice of appeal on November 14, 1983. He assigns two errors on appeal.

"Assignment of Error No. 1

"The trial court erred in vacating an in-court settlement agreement previously reached by the parties and approved by the referee where, at the time of the agreement, the Defendant was represented, there was complete diclosure [*sic*], the agreement provided for a division of property and support, and no timely written objections to the

214

referee's findings and recommendations were ever filed by Defendant.

"Assignment of Error No. 2

"The trial court erred in finding a specific monetary judgment and award of attorney fees for Defendant, where Defendant's motion to show cause was never served on Plaintiff, where a previous judgment included no specific amount, and where no evidence was taken but rather the trial court's decision was based on the unsworn statements of Defendant's counsel."

We are unable to address the errors assigned because we have no jurisdiction over this appeal. Appellant's notice of appeal was not timely filed.

App. R. 4(A) provides that a notice of appeal must be filed within thirty days of the date of entry of the judgment appealed from. When an untimely appeal has been filed, this court has no jurisdiction and the appeal must be dismissed. *Heben* v. *Worthington* (Oct. 27, 1983), Cuyahoga App. No. 46431, unreported.

Where a trial court, *sua sponte,* in a second judgment entry, corrects a clerical error made in a prior judgment entry, the date on which the first judgment was received and filed by the clerk of court constitutes the commencement date for calculating the time within which a notice of appeal must be filed pursuant to App. R. 4(A). *Cleveland Trinidad Paving Co.* v. *Cleary Construction Co.* (July 31, 1980), Cuyahoga App. No. 41388, unreported.

In the case *sub judice,* appellant filed his notice of appeal within thirty days of the corrected judgment entry of October 13, 1983; however, it was filed beyond the thirty days of the original October 4, 1983 judgment and hence was untimely filed.

The appeal is dismissed.

*Appeal dismissed.*

MARKUS and PRYATEL, JJ., concur.