MEMORANDUM DECISION
Thomas P. Miller, defendant-appellant, has filed a motion with this court for leave to file a delayed appeal. Pursuant to the reasoning given below, appellant's motion is denied. However, the appeal is accepted as timely.
On May 11, 1999, appellant filed a motion to withdraw his guilty plea with the Franklin County Municipal Court alleging that his guilty plea was "grudgingly entered." The court treated appellant's motion as a petition for postconviction relief. See, also, State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. The court found that appellant's motion was untimely filed and that a review of the trial transcript demonstrated that there "is no basis in fact" concerning his allegation of his guilty plea being "grudgingly entered." The trial court filed its decision and entry on May 26, 1999.
Appellant filed his "Motion for Leave to File Appeal" with this court on June 30, 1999, more than thirty days after the trial court filed its decision and entry. According to the memorandum supporting his motion (and not supported by an attached affidavit), appellant's counsel stated that he was unable to timely file the appeal of the May 26, 1999 decision because of a "misunderstanding of the dates since there was no time stamp on the original document served on counsel."
Pursuant to App. R. 4(A), a notice of appeal shall be filed:
 * * * within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
The time requirement of App. R. 4(A) is jurisdictional and may not be extended. Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 175; State v. Blunt (Mar. 6, 1997), Franklin App. No. 96APA09-1231, unreported (1997 Opinions, 710, 712). The Ohio Rules of Appellate Procedure make no provisions for delayed appeals from a civil proceeding. App. R. 5(A). Therefore, when in a civil proceeding the notice of appeal is not timely filed, this court has no subject matter jurisdiction to reach the merits of any alleged errors. Morton v. Morton (1984), 19 Ohio App.3d 212, 214.
A postconviction relief proceeding is a separate, civil proceeding. State v. Wilson (1995), 73 Ohio St.3d 40, 45. Therefore, a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a postconviction relief determination pursuant to R.C. 2953.23(B). State v. Nichols (1984), 11 Ohio St.3d 40, paragraph one of the syllabus; State v. Brooks (July 8, 1999), Cuyahoga App. No. 74428, unreported.
However, an examination of the materials presented by appellant shows that appellant filed a timely appeal. Since the present case is a civil case, appellant was required to file his appeal within thirty days of "the later of entry of the judgment or order appealed or * * * service of the notice of judgment and its entry if service is not made on the party within the three day period" pursuant to Civ.R. 58(B). App. R. 4(A). A review of the judgment entry and the docket fails to show that the court provided service to appellant as outlined in Civ.R. 58(B). Therefore, we accept appellant's notice of appeal as timely, and appellant's "Motion for Leave to File Appeal" is dismissed as moot.
Motion for delayed appeal dismissed; appeal accepted as timely.
LAZARUS, P.J., and BRYANT, J., concur.