MEMORANDUM DECISION ON MOTION FOR DELAYED APPEAL
On April 2, 1999, appellant, Titus L. Jones, filed a notice of appeal and a motion for leave to file a delayed appeal from the April 1, 1998 judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, which adopted a magistrate's decision. We deny appellant's motion for leave to appeal.
Pursuant to App. R. 4(A), a notice of appeal must be filed "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A). The time requirement of App. R. 4(A) is jurisdictional and may not be extended. Ditmars v. Ditmars (1984),16 Ohio App.3d 174, 175; State v. Blunt (Mar. 6, 1997), Franklin App. No. 96APA09-1231, unreported (1997 Opinions 710, 712). Unlike appeals from criminal proceedings, the Ohio Rules of Appellate Procedure make no provisions for delayed appeals from a civil proceeding. See App. R. 4(A) and 5(A). Accordingly, when in a civil proceeding the notice of appeal is not timely filed, this court has no subject matter jurisdiction to reach the merits of any alleged errors. Morton v. Morton (1984), 19 Ohio App.3d 212,214.
In the present case, the record reveals that notice of the judgment was served upon appellant within the three-day period provided for in Civ.R. 58(B), and, thus, appellant was required to file his notice of appeal within thirty days of the entry of the judgment. Appellant's notice of appeal was not filed until one year and one day after the entry of the judgment. Although appellant claims that he never received actual notice of the trial court's judgment entry in this matter, Ohio law does not require that a party be given actual notice of the filing of a judgment entry. Americare Corp. v. Misenko (1984) 10 Ohio St.3d 132. Once the clerk has served notice of the entry in accordance with Civ.R. 5(B) and entered the appropriate notation in the docket, notice is deemed to have been served, and the failure of any party to receive such notice does not affect the running of the time for appeal. Civ.R. 58(B); Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80: Gaeta v. Cleveland (1988), 39 Ohio St.3d 338. The record reflects that notice of the judgment was sent to appellant via ordinary mail. Service by mail is complete upon mailing pursuant to Civ.R. 5(B). Therefore, appellant received proper notice of the judgment, and because he failed to file his notice of appeal within thirty days of the entry of such judgment, his notice of appeal was untimely.
Accordingly, because this court is without jurisdiction to grant a delayed appeal from civil proceedings, we deny appellant's motion for leave to appeal.
Motion for delayed appeal denied.
BRYANT and PETREE, JJ., concur.