DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Highland County Court overruling a motion to modify fines and court costs filed by Darold Matthews, defendant below and appellant herein. The following error is assigned for our review:
 "THE ASSESSMENT OF THE COST OF TRANSPORTATION, FROM A PENAL INSTITUTION TO THE LOCAL COURT, AGAINST AN INDIGENT DEFENDANT IS CONTRARY TO THE LAW, CONTRARY TO PUBLIC POLICY AND IS PUNITIVE IN NATURE."
A brief summary of the facts pertinent to this appeal is as follows. On January 7, 1999, two criminal complaints were filed charging appellant with complicity to commit theft in violation of R.C. 2923.03. He initially pled "not guilty" to these charges, but an agreement was later reached whereby he pled guilty to an amended charge of complicity to commit criminal damaging in exchange for dismissal of the other charge. Judgment was entered on January 10, 2000, sentencing him to ninety (90) days in jail (with credit for time served) as well as a partially suspended fine and court costs.
On January 21, 2000, appellant filed a motion to modify that sentence. The first portion of his motion addressed the partially suspended fine and asserted that the fine should be "deleted" in its entirety because he was indigent. The second portion of the motion spoke to the imposition of court costs. Appellant attached a copy of a letter from the Administrator of the Highland County Court itemizing the court costs that were assessed against him. One of the items included in that cost was $205.50 charged by the Greenfield Police Department to transport him from the Orient Correctional Facility for court appearances. Appellant argued that it was "unfair and unreasonable" to charge him the costs of that transportation and he asked that it be deleted from the court cost bill.
A hearing was held on February 16, 2000, at which time the trial court noted that little legal authority exists as to the issue of assessing transportation expenses as a part of court costs. The trial court nevertheless noted that it was inclined to overrule both parts of the motion. Judgment to that effect was entered on March 10, 2000, and this appeal followed.
Appellant argues in his assignment of error that assessment of transportation expenses, as a part of the court costs, is contrary to law and public policy. Before that argument can be addressed, however, we must first resolve a threshold jurisdictional problem. The law of Ohio provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their districts. See
Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02(B)(1). In reviewing the record before us, the sentencing entry of January 10, 2000 constitutes the final judgment which determined the action below and is, therefore, the order which should have been appealed herein.
That being said, the provisions of App.R. 4(A) specify that a notice of appeal should have been filed within thirty (30) days after entry of that judgment. This time limit is jurisdictional and cannot be enlarged. SeeRundle v. Rundle (1997), 123 Ohio App.3d 304, 305-306, 704 N.E.2d 56,57; Donofrio v. Amerisure Ins. Co. (1990), 67 Ohio App.3d 272, 276,586 N.E.2d 1156, 1158; Bosco v. Euclid (1974), 38 Ohio App.2d 40, 42,311 N.E.2d 870, 872; also see State v. Wigal (Jun. 15, 2000), Washington App. No. 00CA15, unreported. When a notice of appeal is filed outside the time frame specified in App.R. 4(A), an appellate court lacks jurisdiction to consider the matter on its merits and the appeal must be dismissed. Morton v. Morton (1984), 19 Ohio App.3d 212, 214,483 N.E.2d 1192, 1194; Spivey v. Spivey (Dec. 19, 1991), Cuyahoga App. No. 61685, unreported. Appellant did not file his notice of appeal in the cause sub judice until April 3, 2000. This was clearly outside the thirty (30) day period following the entry of final judgment on January 10, 2000, and, thus, his appeal is untimely and must be dismissed.
We acknowledge that the notice of appeal filed below is not from the January 10, 2000 judgment of conviction and sentence, but rather from the March 10, 2000 entry overruling appellant's motion to modify fines and court costs. A review of that motion, however, reveals that it is essentially a motion to reconsider the January 10th final order. The Ohio Supreme Court held nearly two decades ago that the rules of civil procedure do not provide for motions to reconsider a final judgment at the trial court level. See Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 423 N.E.2d 1105, at the syllabus. Such motions are thus considered a nullity. Id. at 381, 423 N.E.2d at 1107; State, exrel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60, 531 N.E.2d 713, 715. It logically follows that the judgment entered on a motion for reconsideration is also a nullity. See Kauder v. Kauder
(1974), 38 Ohio St.2d 265, 267, 313 N.E.2d 797, 798; William W. Bond,Jr. and Assoc. v. Airway Development Corp. (1978), 54 Ohio St.2d 363,365, 377 N.E.2d 988, 989, and a party cannot appeal from a judgment which is null and void. DWP Corp. v. Dixie Machine Supply Co. (May 8, 1992), Pike App. No. 466, unreported; also see City Friends v. Kuhlman (Oct. 17, 1991), Cuyahoga App. No. 61414, unreported. These same principles apply to criminal cases as well as to civil. See Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152, 154, 458 N.E.2d 901, 903; also seeState v. Spencer (Nov. 4, 1998), Scioto App. No. 97CA2536, unreported;State v. Whaley (Jul. 9, 1997), Gallia App. No. 96CA17, unreported; Statev. Garcia (May 2, 1995), Franklin App. No. 94APA11-1646, unreported.
Thus, appellant cannot base his appeal on the March 10, 2000 judgment overruling his motion to modify court costs. He should have, instead, appealed the January 10, 2000 judgment of conviction and sentence which assessed those costs.[1] His appeal is out of rule and this Court lacks jurisdiction to consider the matter. For these reasons, the appeal is hereby dismissed.[2]
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court to carry this judgment into execution.
Harsha, J.: Dissents
Evans, J.: Concurs in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] Obviously, as evidenced by the filing of his motion on January 21, 2000, appellant had knowledge of the transportation expenses being included in court costs well within the thirty (30) day time frame for filing a notice of appeal. We parenthetically note that appellant still has the option of filing a motion for delayed appeal pursuant to App.R. 5(A) to seek review of that judgment.
[2] We hasten to add that our ruling on this matter should not be construed as a comment on the merits of the underlying issue concerning the propriety of assessing prisoner transportation expenses as court costs.