JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Robert Szymanski, d.b.a. Seneca Insurance Company, Clyde Reed Bail Bond and Seneca Insurance Company (collectively "appellants") appeal the trial court's failure to vacate its order forfeiting a $5,000 bond. For the reasons set forth below, we dismiss this appeal.
 {¶ 2} On December 2, 2002, plaintiffs-appellees, State of Ohio/Cuyahoga Child Support Enforcement Agency, Ex Rel., Angelene Rue (collectively "appellees"), instituted this action against defendant John R. Perry ("Perry"). In the Complaint, appellees alleged Perry failed to comply with an administrative order requiring him to pay child support.
 {¶ 3} On July 28, 2003, the trial court found Perry in contempt of the order and sentenced him to thirty days in jail. The court suspended the sentence and ordered Perry to pay $500 within sixty days. Perry failed to follow the directives of the court. As a result, appellees filed a motion to impose the suspended jail sentence. The motion was set for hearing on May 11, 2004. Perry failed to appear. Therefore, the court issued a warrant for his arrest and ordered a $5,000 bond.
 {¶ 4} On September 3, 2004, appellants posted a bond for Perry. The motion to impose the suspended jail sentence was set for hearing on December 3, 2004. Again, Perry failed to appear. The court issued another warrant for his arrest and ordered a $10,000 bond.
 {¶ 5} The court set a bond forfeiture hearing for January 28, 2005. This hearing was continued until May 20, 2005. Robert Szymanski was present for that hearing without counsel. Counsel for Clyde Reed Bail Bond and Seneca Insurance were not present. The court again continued the bond forfeiture hearing until June 20, 2005. At that hearing, the court ordered forfeiture of the bond by July 20, 2005 and issued a new capias for the arrest of Perry.
 {¶ 6} On July 19, 2005, appellants filed a motion to vacate the bond forfeiture (motion to vacate #1). A hearing on appellants' motion to vacate #1 was held on August 23, 2005. Appellants failed to appear at this hearing. Therefore, on August 26, 2005, the trial court dismissed appellants' motion to vacate #1 after finding that appellants were served with process and notice of the hearing. The court ordered forfeiture of the bond on or before September 23, 2005. The record indicates that a copy of the court's judgment was sent to all appellants.
 {¶ 7} On October 13, 2005, appellees filed a motion to show cause why appellants should not be held in contempt of court for failing to follow the trial court's order to forfeit the $5,000 bond. On January 24, 2006, the trial court held a hearing regarding this motion. Appellants were present at this hearing. Per an agreement between the parties, the trial court dismissed appellee's motion to show cause stating that appellants paid the $5,000 on January 25, 2006. This order was journalized on February 1, 2006.
 {¶ 8} On December 7, 2005, appellants filed another motion to vacate ("motion to vacate #2"), arguing more briefly the assertions presented in motion to vacate #1. The trial court did not rule on this motion to vacate.
 {¶ 9} On February 1, 2006, the trial court issued a nunc pro tunc order of the August 26, 2005 decision dismissing the appellants' motion to vacate #1. This nunc pro tunc order merely corrected the date of the hearing erroneously listed as May 23, 2005 in the first sentence of the August 26, 2005 judgment entry. The substantive decision dismissing appellees' motion to vacate #1 remained the same as the August 26, 2005 judgment entry.
 {¶ 10} Appellants appealed the nunc pro tunc order dismissing their motion to vacate #1 on February 23, 2006 to this court. Additionally, appellants appealed the court's journal entry on the motion to show cause.
 {¶ 11} On March 1, 2006, after filing their appeal, appellees filed with the trial court a motion to vacate void judgment and a motion for remittance. The motion to vacate void judgment was incorrectly titled and actually was a motion for reconsideration of the trial court's order denying appellants' motion to vacate #1 ("motion for reconsideration"). Appellants' motion for reconsideration asserted that they never received notice of the August 23, 2005 hearing on the motion to vacate #1. Therefore, appellants argued, the trial court should vacate its August 26, 2005 decision dismissing appellants' motion to vacate #1.
 {¶ 12} On March 13, 2006, appellants then filed a motion to remand with this court requesting a limited remand to the trial court until it renders a decision in regards to appellants' motion for reconsideration. We granted appellants' motion for limited remand.
 {¶ 13} On April 25, 2006, the trial court denied the appellants' motion for reconsideration and its motion for remittance. The case was then returned to this court for appeal.
 {¶ 14} Appellants assert two assignments of error for our review. Appellants' first assignment of error states:
 {¶ 15} "The common pleas court erred when it denied the surety's motion to vacate void judgment."
 {¶ 16} Appellants' second assignment of error states:
 {¶ 17} "The common pleas court erred when it denied the surety's motion for remittance."
 {¶ 18} For the following reasons, we dismiss appellants' appeal as untimely. An appellant must file a notice of appeal with the clerk of this court within thirty days of the date of the entry of judgment or order appealed from. App.R. 3(A), App.R. 4(A). An appellant's failure to file a timely notice of appeal renders the court of appeals without jurisdiction and authority to entertain the appeal. Bosco v. City of Euclid (1974), 38 Ohio App.2d 40, 42-43, 311 N.E.2d 870.
 {¶ 19} It is well established that a nunc pro tunc order issued that does not create or deny existing rights but merely clarifies the initial entry relates back to the time of the filing of the initial entry and does not extend the time for appeal. Gold Touch, Inc. v. TJS Lab Inc. (1998),130 Ohio App.3d 106, 109, 719 N.E.2d 629; Morton v. Morton (1984),19 Ohio App.3d 212, 214, 483 N.E.2d 1192; Mullen v. Mullen (Jan. 12, 1995), Cuyahoga App. No. 67587; Soroka v. Soroka (June 17, 1993), Cuyahoga App. No. 62739; Butler v. Butler (Feb. 13, 1992), Cuyahoga App. No. 61833. In Soroka, supra, this court explained that "[o]nly when the trial court changes a matter of substance or resolves a genuine ambiguity in a judgment previously rendered should the period within which an appeal must be taken begin to run anew." The court reasoned that "by making allowance for the correction of a non-substantive error in a judgment without extending the time for appeal, * * * the appropriate balance [is achieved] between the desire to bring litigation to an end and the desire that a judgment entry accurately reflect the decision rendered." Id. Accordingly, the court stated, "[t]he relevant inquiry is whether the trial court, in its second judgment entry, has disturbed or revised legal rights and obligations which by its prior judgment had been settled with finality." Id.
 {¶ 20} In the instant action, the trial court issued a nunc pro tunc entry on February 1, 2006 that merely corrected a single clerical error, but did not change the substantive determination of the court. A careful review of the two judgment entries reveals that the difference in the trial court's judgment entry of August 26, 2005 and its nunc pro tunc order of February 1, 2006 arise merely because the trial court incorrectly listed the date of the hearing as May 23, 2005 when the hearing was actually held on August 23, 2005. The court's previous substantive rulings were not disturbed or revised. In light of these facts, we find that the trial court's nunc pro tunc order of February 1, 2006 did not create any additional rights and did not operate to deprive appellants of an existing right.
 {¶ 21} We also note that the record indicates that appellants were timely sent notice of the court's ruling on their motion to vacate. Further, appellants appeared in court on other matters after the ruling on their motion.
 {¶ 22} Therefore, as the court's underlying substantive determinations were not disturbed or revised in its nunc pro tunc order, we conclude that final judgment was entered on August 26, 2005. Accordingly, because appellants did not file their notice of appeal until February 23, 2006, nearly six months later, appellants' notice of appeal was untimely filed and we are without jurisdiction to entertain his appeal.
Appeal dismissed.
It is ordered that appellees recover from appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Mary Eileen Kilbane, J., and Patricia Ann Blackmon, J., concur.