JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants-plaintiffs, Thomas C. Pavlik, d.b.a. Sindell, Rubenstein, Einbund, Pavlik, Novak Celebrezze and William J. Novak, d.b.a. Sindell, Rubenstein, Einbund, Pavlik, Novak Celebrezze (collectively "Appellants") appeal the trial court's granting of summary judgment in favor of defendant-appellee, the Home Insurance Company in Liquidation, fka the Home Indemnity Company ("appellee"). For the reasons set forth below, we affirm.
 {¶ 2} On May 17, 2005, appellee filed a complaint against appellants in the Cuyahoga County Court of Common Pleas entitled The Home InsuranceCompany in Liquidation v. Thomas Pavlik, et al., Case No. 562972 ("Case # 1"). In the complaint, appellee alleged breach of contract for appellants' alleged failure to pay a $25,000 deductible arising from a 1992 settlement reached in an underlying legal malpractice action against Pavlik and defended by a policy of professional liability insurance procured through appellee.
 {¶ 3} In Case # 1, appellants filed a motion to amend their answer to include a counterclaim on July 6, 2006. The trial court, on July 10, 2006, however, denied appellant's leave to amend noting appellants waited until six months after filing their answer and three weeks before trial to file the counterclaim.
 {¶ 4} Soon thereafter, in a judgment entry journalized on July 14, 2006, the court granted appellee summary judgment finding appellants entered into a contract with appellee and that appellants had an obligation under that contract to pay the *Page 4 
$25,000.00 deductible. Accordingly, the trial court in Case # 1 awarded appellee said amount plus interest.
 {¶ 5} Consequently, appellants filed the instant action against appellee on July 13, 2006 ("Case # 2"). In this action, appellants alleged that appellee breached a contract of novation where the parties agreed that appellants were not required to pay the $25,000 deductible.
 {¶ 6} On September 19, 2006, in this case, Case # 2, appellee filed a motion to dismiss, which the trial court denied. Subsequently, on December 13, 2006, appellee filed a motion for summary judgment, which the trial court granted without opinion on February 2, 2007.
 {¶ 7} On March 1, 2006, the trial court in the previous case, Case # 1, entered a nunc pro tunc order noticing its inadvertent mistake of omitting co-defendant, William J. Novak, dba Sindell, Rubenstein, Einbund, Pavlik, Novak and Celebrezze to the judgment. Appellants then attempted to appeal the trial court's judgment awarding summary judgment, but it was dismissed as untimely and appellants' motion to reinstate/reopen a previous appeal of Case # 1, invoking App.R. 4(C), was denied.
 {¶ 8} Appellants now appeal the trial court's granting of summary judgment in favor of appellee in this case, Case # 2, and assert one assignment of error for our review. Their sole assignment of error states: *Page 5 
 {¶ 9} "The trial court erred to the prejudice of plaintiffs-appellants by granting defendant-appellee's motion for summary judgment."
 {¶ 10} Within this assignment of error, appellants assert that the trial court erred in granting appellee's motion for summary judgment because there are genuine issues of material fact. Appellants maintain that their breach of contract claim, Case # 2, is not barred by res judicata because at the time of the trial court's judgment in Case # 1, there was no final judgment entered regarding appellants' claims against appellee. Likewise, appellants contend the claims asserted in this case do not arise "out of the same transaction" as the claims asserted by appellee in Case # 1. We disagree and find that res judicata bars the instant action.
 {¶ 11} With regard to the entry of summary judgment, we note that we employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equip.Co. (1997), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.
 {¶ 12} Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." Civ.R. 56(C); State ex rel. Dussell v. Lakewood PoliceDept, *Page 6 99 Ohio St.3d 299, 300-01, 2003-Ohio-3652, 791 N.E.2d 45, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326, 672 N.E.2d 654.
 {¶ 13} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389, 696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59,1992-Ohio-95, 604 N.E.2d 138.
 {¶ 14} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in appellee's favor was appropriate.
 {¶ 15} Under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" State ex rel. Denton v.Bedinghaus, 98 Ohio St.3d 298, 301, 2003-Ohio-861, 784 N.E.2d 99, quoting Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331,653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the *Page 7 
parties from relitigating issues that were or could have been raised in that action. Trojanski v. George, Cuyahoga App. No. 83472,2004-Ohio-2414. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment. Southridge Civic Assn.v. Parma, Cuyahoga App. No. 80230, 2002-Ohio-2748.
 {¶ 16} Applying these principles, we hold that the trial court correctly determined that this matter is barred by res judicata and appellee is entitled to judgment as a matter of law. Case # 1 involved the parties dispute concerning the $25,000 deductible and proceeded to final judgment which was neither vacated nor appealed and is a final and binding order. The instant complaint arises out of the same deductible which was the subject of the complaint in Case # 1 and seeks to relitigate the issues of the previous final judgment. Accordingly, the trial court correctly determined that this matter is barred by res judicata.
 {¶ 17} Additionally, its seems that appellants may be arguing that the effective date of the trial court's judgment in Case # 1 occurred after the trial court in Case # 2 determined res judicata barred the instant litigation. We disagree and find that the effective date of the trial court's granting of summary judgment was July 14, 2006, the date the judgment was originally journalized and not the date of the nunc pro tunc order that corrected an inadvertent mistake.
 {¶ 18} The sole purpose of a nunc pro tunc order by the trial court is to correct a clerical error in the prior recording of a judgment actually rendered, not to correct a mistake in judgment. State v.Coleman, 110 Ohio App. 475, 478-479, *Page 8 169 N.E.2d 703. Therefore, we find a nunc pro tunc does not operate to extend the period within which a judgment was entered. In applying this principle to calculating the time an appeal may be filed, courts have reasoned that nunc pro tuncs do not create or deny additional rights. See ThePerfection Stove Co. v. Scherer, 120 Ohio St. 445, 448-449,166 N.E. 376. We find that reasoning equally applicable here. Additionally, allowing for the correction of a non-substantive error in a judgment without extending the effective time of the judgment strikes an appropriate balance between the desire to bring litigation to summation and the desire that a judgment entry reflect the actual decision rendered. See Soroka v. Soroka (June 17, 1993), Cuyahoga App. No. 62739.
 {¶ 19} The period within which a judgment rendered should restart only when the trial court changes a matter of substance or resolves a genuine ambiguity in a judgment previously rendered. See State ex rel. Rue v.Perry, Cuyahoga App. 87810, 2006-Ohio-5320. "The relevant inquiry is whether the trial court, in its second judgment entry, has disturbed or revised legal rights and obligations which by its prior judgment had been settled with finality." Id.
 {¶ 20} In the instant case, the disparity in the judgments reflects an error in form, a clerical error, rather than error of substance. The trial court specifically stated, "The court inadvertently omitted co-defendant William J. Novak, dba Sindell, Rubenstein, Einbund, Pavlik, Novak and Celebrezze. In order to correct this omission, the court issues the following nunc pro tunc order. * * *). Additionally, a *Page 9 
review of the record reveals that the omission of Novak from the entry was an error in form as all the pleadings and motions answered and responded to were filed by and received by both appellants. Therefore, we find that final judgment in Case # 1 was entered on July 14, 2006 and that the court's granting of summary judgment in this case was filed after that final judgment.
 {¶ 21} Accordingly, as appellants' claims in this case are barred by doctrine of res judicata, we find the trial court correctly granted appellee summary judgment.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1