RUNDLE, Appellee,

v.

RUNDLE, Appellant.

[Cite as *Rundle v. Rundle* (1997), 123 Ohio App.3d 304.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72239.

Decided Nov. 17, 1997.

*Roseanne Rundle, pro se.*

*John Paul Oreh,* for appellant.

*Per Curiam.*

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 25. The purpose of an accelerated docket is to allow an appellate court to render

a brief and conclusory decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

In the appeal *sub judice,* defendant-appellant and father James W. Rundle appeals from the February 27, 1997 denial of his motion for relief from judgment. For the reasons adduced below, we dismiss the notice of appeal as untimely.

A review of the record on appeal indicates that appellant and his spouse, plaintiff-appellee and mother Roseanne M. Rundle,[1] were divorced in 1987, with custody of the two minor children being awarded to the mother, and the father being ordered to pay child support. Thereafter, the eldest daughter was emancipated in 1994, and, pursuant to the agreement of the parties, the court ordered an adjustment in father's child support arrearage. On October 31, 1995, Magistrate Nelson held a hearing to determine the emancipation of the younger daughter and possible support arrearage or overpayments. Following the hearing, the magistrate recommended in her report of December 11, 1995, that the remaining daughter be emancipated as of June 11, 1995, and also determined that the father was in arrears on spousal support in the amount of $24,199.79. The father filed his objections to the magistrate's report on December 20, 1995.

The trial court affirmed the magistrate's report on April 2, 1996. No direct appeal from this final order was filed by the father. Instead, the father, on September 26, 1996, filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (4), and (5), generally alleging that the motion was timely and that the arrearage calculation by the court was erroneous. Without opinion, the trial court denied the motion for relief from judgment on February 27, 1997. The notice of appeal from that denial was filed on March 26, 1997. Prior to addressing the three assignments of error presented by the appellant,[2] each of which argue the final order of April 2, 1996, we note:

"App.R. 4(A) requires that an appeal be filed within thirty days of the entry of the judgment appealed from. This time requirement is jurisdictional and may

---

1. Appellee has not filed an appellate brief in this matter.

2. The three assignments of error state:

"I

"The court erred in adopting the recommendation of the magistrate in its April 2, 1996 decision because the appellant met his obligation under the previous order of the court dated February 24, 1994.

"II

"The court erred in its April 2, 1996 decision because the calculation of the appellant's alleged arrearage is numerically impossible based upon the facts of the case and the payment records of the child support enforcement agency.

"III

"The court erred in its April 2, 1996 decision because the decision considers the period preceding a prior order of court and therefore violates *res judicata.*"

not be extended. *Ditmars v. Ditmars* (1984), 16 Ohio App.3d 174, 175 [16 OBR 184, 184–185, 475 N.E.2d 164, 165]. Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed. *Spinell v. Ohio State Home Services, Inc.* (Apr. 27, 1989), Cuyahoga App. No. 56327, unreported, at 2–3 [1989 WL 42281]; *Bearden v. Parks* (Feb. 23, 1989), Cuyahoga App. No. 55455, unreported, at 3–4; *Morton v. Morton* (1984), 19 Ohio App.3d 212, 214 [19 OBR 356, 358, 483 N.E.2d 1192, 1194–1195]; *Euclid Ninth Company v. Cuyahoga County Bd. of Revision, et al.* (Apr. 19, 1984), Cuyahoga App. No. 47360, unreported, at 2 [1984 WL 5498]; *Heben v. Worthington* (Oct. 27, 1983), Cuyahoga App. No. 46431, unreported, at 1–2 [1983 WL 2693]; *Ross v. Harden* (1982), 8 Ohio App.3d 34 [8 OBR 36, 455 N.E.2d 1313]; *Bosco v. Euclid* (1974), 38 Ohio App.2d 40 [67 O.O.2d 209, 311 N.E.2d 870]. Further, Civ.R. 60(B) relief is not available as a substitute for an appeal, nor can it be used 'to circumvent or extend the time requirements for filing an appeal.' *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686 [23 O.O.3d 551, 552, 433 N.E.2d 612, 614]; *Lorber v. Norvelis* (Aug. 31, 1989), Cuyahoga App. No. 57481, unreported [1989 WL 101800]." *Spivey v. Spivey* (Dec. 19, 1991), Cuyahoga App. No. 61865, unreported, at 3, 1991 WL 271465. See, also, *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605, paragraph two of the syllabus (Civ.R. 60[B] not to be used as a substitute for a timely appeal); *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 245, 18 O.O.3d 442, 443–444, 416 N.E.2d 605, 607; *Haynes v. Oviatt* (July 11, 1991), Cuyahoga App. No. 58915, unreported, at 2, 1991 WL 125344.

■ The record is clear in this case. The appellant failed to file a timely appeal from the April 2, 1996 final order and improperly used the Civ.R. 60(B) motion as a substitute for a direct appeal. Absent a timely appeal, this appellate court is without jurisdiction to consider the assignments presented.

*Appeal dismissed.*

JAMES D. SWEENEY, C.J., MATIA and PORTER, JJ., concur.