JOURNAL ENTRY and OPINION
Appellant Carol Pisani appeals two orders of the trial court, its order rendered on January 9, 1998 denying her access to her children's records and its order rendered on December 31, 1998 denying her Civ.R. 60 (B) motion.
Carol Pisani assigns ten errors for our review[1]. However, having reviewed the record and the legal arguments of the parties, we conclude that this Court lacks jurisdiction to consider Carol Pisani' s first seven assignments of error as an improper attempt to perfect an untimely appeal. With regard to her remaining assignments of error, we affirm the decision of the trial court. The apposite facts follow.
In 1994, the trial court granted a divorce to Carol and Glen Pisani. The trial court awarded custody of the couple's children to Glen Pisani. Although the trial court originally granted Carol Pisani visitation rights with her children, in a subsequent decision, the trial court completely suspended Carol Pisani's visitation based on her behavior.
On December 12, 1996, Glen Pisani filed a motion requesting that the trial court deny Carol Pisani access to the children' s medical and school records. Carol Pisani filed a timely memorandum in opposition to Glen Pisani's request. The lower court granted Glen Pisani's motion without further hearing on January 9, 1998.[2]
Carol Pisani received notice of the trial court's January 9, 1998 order on January 15, 1998, through regular mail.
Carol Pisani did not take a direct appeal of the trial court's decision denying her access to her children's medical and school records. Instead, on January 16, 1998, she filed a motion for relief from judgment pursuant to Civ.R. 60 (B)(1), (2), and (3), alleging fraud or mistake on the part of the trial judge. Specifically, Carol Pisani alleged that a motion for disqualification was pending against the judge at the time he rendered his decision and that the trial court failed to set the motion to deny access for a hearing. Without opinion, the trial court denied Carol Pisani's motion for relief from judgment on December 31, 1998.
Carol Pisani filed a notice of appeal on January 25, 1999 appealing the two orders of the trial court, which orders were rendered on January 9, 1998 (motion denying access to records) and on December 31, 1998 (denying Carol Pisani's Civ.R. 60 (B) motion). As to the appealable issues raised from the order dated January 9, 1998, addressed in her assignments of error one through seven, Carol Pisani is out of rule.
"App.R.4 (A) requires that an appeal be filed within thirty days of the entry of the judgment appealed from. This time requirement is jurisdictional and may not be extended." Rundle v.Rundle (8th Dist. 1997), 123 Ohio App.3d 304, 305, 704 N.E.2d 56,57 (quoting Ditmars v. Ditmars (1984), 16 Ohio App.3d 174,475 N.E.2d 164). Further, contrary to her assertion during oral argument, Carol Pisani cannot use a Civ.R. 60 (B) motion to toll the appeal time. A Civ.R. 60 (B) motion for relief from judgment cannot be used as a substitute for direct appeal or as a means to extend the time for filing an appeal. See Key v. Mitchell (1998) 81 Ohio St.3d 89,689 N.E.2d 548; Doe v. Trumbull County Children ServicesBoard, 28 Ohio St.3d 128, 502 N.E.2d 605; Rundle,
123 Ohio App.3d 306 [123 OHIO APP.3d 304], 704 N.E.2d at 57. Accordingly, we will address assigned errors eight through ten only, because they are properly before this Court.
In her assignment of error eight, Carol Pisani alleges that the trial court erred because it failed to send her a copy of the journal entry denying her access to her children's records to keep her from exercising her constitutional right to appeal. Carol Pisani fails to provide any factual support for this allegation. Further, this Court's review of the record in this case reveals that Carol Pisani' s allegation lacks merit. In her Civ.R. 60 (B) motion, Carol Pisani verifies that she received the journal entry of January 9, 1998 through regular mail on January 15, 1998. Accordingly, this Court overrules Carol Pisani's assignment of error eight.
In assignments of error nine and ten, Carol Pisani challenges the trial court's denial of her motion for relief from judgment. We review the lower court's denial of a Civ.R. 60 (B) motion under an abuse of discretion standard. The Ohio Supreme Court most recently defined the abuse of discretion standard as follows:
 "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing [* * *] considerations." State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 15 Ohio B. Rep. 311, 361, 473 N.E.2d 264, 313, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385, 94 N.W.2d 810, 811-812. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
Nakofff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257, 662 N.E.2d 1, 3. Absent a clear abuse of discretion an appellate court will not disturb the trial court's judgment. In reWhitman (1998), 81 Ohio St.3d 239, 242, 690 N.E.2d 535, 538; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564;McCann v. Lakewood (8th Dist. 1994), 95 Ohio App.3d 226,642 N.E.2d 48. The party seeking relief from judgment bears the burden of demonstrating that the lower court abused its discretion, see Rose,supra.
To prevail on a motion for relief from judgment brought pursuant to Civ.R. 60 (B), the movant must meet what is essentially a three prong test. McCann, 95 Ohio App.3d at 235-236,642 N.E.2d at 54. The movant must establish that she has a meritorious claim or defense to present if the court grants relief. Id.
Additionally, the movant must demonstrate her entitlement to relief under one of the grounds stated in Civ.R. 60 (B). Id. Finally, the movant must make the motion within a reasonable time after the court entered the judgment. Id. The movant must meet all three requirements to prevail on her motion. Id.
Though not clearly stated in assignments of error nine and ten, Carol Pisani apparently argues that she provided sufficient grounds entitling her to a hearing as well as the granting of relief from judgment. Because these assignments are interrelated, we address them together.
As this Court noted in Pisani v. Pisani (September 19, 1996), Cuyahoga App. No. 70018, unreported:
 A person filing a motion for relief from judgment under Civ.R. 60 (B) is not automatically entitled to such relief nor to a hearing on the motion. * * * Where the movant's motion and the accompanying materials fail to provide the operative facts to support relief under Civ.R. 60 (B), the court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *. Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.3d 223. The movant bears the burden of proving his allegations in support of his motion. East Ohio Gas Co. v. Walker
(1978), 59 Ohio App.2d 216, 222.
Pisani brought her motion for relief from judgment pursuant to Civ.R. 60 (B)(1), (2) and (3). Under Civ.R. 60 (B), the court may grant a party relief from judgment for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; [or] (3) fraud, misrepresentation or other misconduct of an adverse party." Civ.R. 60 (B). As support for her Civ.R. 60 (B) motion, Carol Pisani alleged that a motion for disqualification was pending against the trial judge and that the trial court failed to hold a hearing before granting appellee "s motion to deny her access to her children's records. This Court finds that Carol Pisani failed to allege operative facts entitling her to relief from judgment under Civ.R 60 (B)(1), (2) or (3). Further, we conclude that Carol Pisani failed, to establish the existence of a meritorious defense; therefore, we conclude that the trial court did not abuse its discretion in denying Carol Pisani a hearing or in summarily dismissing her motion.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI. P.J., and PORTER. J., CONCUR.
 _________________________________ PATRICIA ANN BLACKMON, JUDGE
 APPENDIX
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR IN SENDING OUT NOTICE FOR A HEARING DATED JANUARY 5, 1998 AND NOT GIVING THE PARTIES 14 DAYS NOTICE ACCORDING TO DOMESTIC RELATIONS COURT CIVIL RULE 2, E (3). [sic]
 II. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT IGNORED AND DID NOT RULE ON THE CONTINUANCE THE APPELLANT FILED ON JANUARY 8, 1998 ACCORDING TO THE RULES OF COURT, RULE 3 (b), AND ALSO WITH AN AFFIDAVIT ATTACHED.
 III. THE TRIAL COURT COMMITTED A PREJUDICIAL. ERROR IN NOT ALLOWING APPELLANT HER RIGHT TO DUE PROCESS AND RIGHT TO DEFEND HERSELF IN WHY SHE SHOULD NOT BE DENIED ACCESS TO HER CHILDREN'S RECORDS, ESPECIALLY WHEN THE COURT-APPOINTED PSYCHOLOGIST DIAGNOSED THE CHILDREN FROM SUFFERING FROM PARENTAL ALIENATION SYNDROME AND A CHARACTERISTIC OF THE SYNDROME IS TO KEEP EVERYTHING KNOW [sic] ABOUT THE CHILDREN AWAY FROM THE ALIENATED PARENT, WHICH IS APPELLANT AND WITHOUT A WRITTEN FINDING OF FACT AND OPINION.
 IV. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT RULED ON ANY MOTIONS OF JANUARY 9, 1998 BECAUSE AN AFFIDAVIT OF DISQUALIFICATION WAS RECIEVED [sic] BY THE SUPREME COURT PRIOR TO THE HEARING AND THE RULES CLEARLY STATE THAT WHILE AN AFFIDAVIT OF PREJUDICE AND DISQUALIFICATION IS PENDING IN THE SUPREME COURT, NO JUDGE IS ALLOWED FROM MAKING RULINGS AND JUDGE CLIRIGLIANO [sic] WAS CLEARLY AWARE THAT THE SUPREME COURT HAD RECIEVED [sic] THE AFFIDAVIT.
 V. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT RULED ON DENIED [sic] APPELLANT ACCESS TO RECORDS WITHOUT HEARING THE TESTIMONY OF THE COURT-APPOINTED PSYCHOLOGIST, DR. WEINSTEIN, WHICH WAS THE COURT'S WITNESS BECAUSE THE COURT APPOINTED HIM AND WITHOUT THE EXPERT'S KNOWLEDGE BEING REFERRED TO ON THE DAMAGE BEING DONE BY THE PARENTAL ALIENATION SYNDROME.
 VI. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT DIDN'T CONSIDER THE WRITTEN REPORT OF THE COURT-APPOINTED PSYCHOLOGIST, DR. WEINSTEIN, AS EVIDENCE AND CONSIDERING IT WHEN MAKING A RULING.
 VII. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN HE RECUSED HIMSELF FROM THE PISANI DIVORCE CASE FOR BIAS AND PREJUDICE MINUTES AFTER MAKING A RULING ON APPELLEE'S MOTION, WHICH WAS FILED AT LEAST A YEAR EARLIER AND WITHOUT 14 DAYS PRIOR NOTICE OF A HEARING ACCORDING TO THE RULES, WHEN THE JUDGE'S OWN WORDS WERE THAT HE COULD NOT REMAIN ON THE CASE AND THEN NEVER JOURNALIZED HIS RECUSAL.
 VIII. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN HE DID NOT HAVE THE COURT SEND APPELLANT A COPY OF HIS JOURNAL ENTRY TO KEEP APPELLANT FROM HER CONSTITUTIONAL RIGHT TO APPEAL.
 IX. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT DID NOT GRANT THE MOTION FOR 60B, WHICH WAS FILED ON JANUARY 16, 1998, AND NEVER RULED ON UNTIL DECEMBER 31, 1998 WHEN APPELLANT EXPLAINED TO THE COURT THAT SHE WOULD HAVE FILE [sic] A WRIT IF THE COURT DID NOT RULE ON THE 60B THAT SHE WAS PENDING.
 X. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR WHEN IT OVERRULED APPELLANT'S 60B MOTION AND NOT ALLOWING APPELLANT HER CONSTITUTIONAL RIGHT TO DUE PROCESS.
[1] See Appendix.
[2] The court held a hearing on this date. However, the court did not discuss the motion to deny access to the children's records at the hearing.