OPINION
Complainant-appellant, Rev. Rebekah J. Miller, appeals the decision of the Defiance Municipal Court which dismissed the criminal complaints she filed against the Defiance County Prosecutor and Defiance County Commissioner. The trial court also assessed her costs for filing the complaints and held her in contempt for failure to pay the costs and for failure to appear in court. The pertinent facts and procedural history of the case follow.
On December 12, 2000, Appellant filed a criminal complaint against the Defiance County Commissioner, Darrell Miller, charging various misdemeanor and felony theft charges supported by an affidavit.[1] She also filed a criminal complaint against Defiance County Prosecuting Attorney, Jeffrey Strausbaugh, on two misdemeanor charges of dereliction of duty.[2] The court referred the criminal complaints to the Defiance City Law Director for investigation prior to the issuance of a warrant. The Law Director filed motions to dismiss the complaints against Miller and Strausbaugh. A nolle prosequi order was entered for both criminal complaints. The costs of $120.00, $20.00 for each count, were assessed to Appellant.
On January 17, the court ordered Appellant to appear before the Municipal Court on February 7, 2001 to show cause why she should not be held in contempt of court for failing to pay costs for the criminal complaints. On February 6, 2001, counsel for appellant requested a continuance, which was denied because a visiting judge had been specially assigned to the case per Appellant's request. On February 7, when Appellant had failed to appear in court or to pay costs, a bench warrant was issued for her arrest and bond was set at $1000.00, with no 10% provision. Appellant's bond was posted and a hearing to show cause was scheduled for February 16, 2001. On February 16, the trial court found Appellant to be in contempt of court and fined her in the amount of $500.00, with $250.00 of the fine suspended upon conditions of no similar violations and general good behavior for a year.
The Appellant now appeals, asserting the following five assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed reversible error by directing a review of complaints filed pursuant to Crim.R. 4 because a Crim.R. 4 complaint is not subject to review and dismissal under RC 2935.10 but by a motion to quash.
 ASSIGNMENT OF ERROR NO. II The trial court abused its discretion by improperly assessing one hundred and twenty dollars ($120.00) in costs against Rebekah Miller for filing two Crim.R. 4 complaints because the costs are not permissable (sic) as set forth in R.C. 1901.26 and local rule.
 Appellant's first two assignments of error correspond to the criminal complaints she filed against Miller and Strausbaugh which were dismissed by judgment entry on December 20, 2000. Appellant filed her Notice of Appeal on March 19, 2001, approximately three months after the date of judgment. The Rules of Appellate Procedure require the notice of appeal to be filed "within thirty days of the later of entry of the judgment or order appealed" from.[3] The record clearly shows the Appellant failed to file a timely appeal from the December 20, 2000 final order. Absent a timely appeal, this appellate court is without jurisdiction to consider the first two assignments of error presented.
Therefore, Appellant's first two assignments of error are dismissed.
 ASSIGNMENT OF ERROR NO. III The trial court by wrongfully and summarily punished (sic) Rebekah Miller based upon a finding of direct contempt for failure to pay Crim.R. 4 costs and failure to appear.
 ASSIGNMENT OF ERROR NO. IV The trial court failed to make a finding as to whether Ms. Miller's disobedience of the summons and failure to pay Crim.R. 4 costs were intentional acts.
 In her third and fourth assignments of error, Appellant asserts that the court below erred when it sanctioned her for contempt of court. Because these assignments of error raise similar issues, we will address them together.
R.C. 2705.02 reads, in pertinent part, as follows:
 A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer.
 Failure to obey a subpoena and failure to appear at or arriving late to a hearing is considered indirect contempt.[4]
Our review of the record reveals that the Defiance Municipal Court followed the procedure described in R.C. 2705.03.[5] Appellant was sent notice to pay the costs for filing the criminal complaints by January 12, 2001 or to appear in court. Appellant neither paid the costs nor appeared in court. However, Appellant's counsel made an appearance and advised the court that her client was unable to attend due to missionary work in Tennessee. The court noted Appellant's failure to appear to show cause for failure to pay costs and issued a warrant for her arrest.
On February 16, Appellant appeared in court with counsel to present a defense to the charges against her. The evidence reaffirmed the fact that Appellant had failed to appear in court because she was performing missionary work in Tennessee. The court, unmoved by Appellant's arguments, fined her $500.00 for contempt of court.
In the present case, the trial court treated the contempt as criminal contempt. A sanction for criminal contempt is a punishment for past refusal to obey a court order.[6] Criminal contempt sanctions "are punitive in nature and are designed to vindicate the authority of the court."[7] In a criminal contempt situation, guilt must be proven beyond a reasonable doubt.[8] An essential element of indirect criminal contempt is the intent to fail to appear in court.[9] The record reveals that Appellant was aware of the date of the show cause hearing and intentionally remained in Tennessee. Since there was sufficient evidence with respect to the Appellant's intent to forego appearing in court, the court's decision with respect to the finding of contempt is affirmed.
Therefore, Appellant's third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. V The trial court's imposition of a five hundred (sic) fine ($500.00) fine (sic) against Ms. Miller exceeds the permissible penalty for a first offense of contempt as set forth in R.C. 2705.05.
 Appellant, in her final assignment of error, contends that the trial court erred by fining her $500.00 for her first contempt offense. We agree. R.C. 2705.05(A)(1) provides that a first offense of contempt carries with it a maximum fine of $250.00. The record presents no evidence of prior contempt by Appellant. The trial court acted beyond the statute by assessing Appellant a fine of $500.00. Because the trial court levied a penalty beyond that which the law allows, Appellant's fifth assignment of error is sustained and the judgment of the trial court is reversed.
For the reasons stated, the judgment of the Defiance Municipal Court is affirmed in part and reversed in part. We remand this cause back to the trial court for further proceedings consistent with this opinion.
WALTERS, P.J. and BRYANT, J., concur.
[1] The complaint against Miller charged the following: theft by deception (M-1) in violation of R.C. 2913.02, theft in office (F-5) in violation of R.C. 2921.41, theft by deception (F-5) in violation of 2913.02, and theft in office (F-4) in violation of R.C. 2921.41.
[2] The complaint against Strausbaugh charged one count of dereliction of duty (M-2) in violation of R.C. 2921.44(B) and dereliction of duty in violation of R.C. 2921.44(E).
[3] Rundle v. Rundle (1997), 123 Ohio App.3d 304, 305. See, also, App.R. 4(A).
[4] Cleveland v. Ramsey (1988), 56 Ohio App.3d 108, 109.
[5] R.C. 2705.03 prescribes the procedure for a charge of indirect contempt: In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings.
[6] Schrader v. Huff (1983), 8 Ohio App.3d 111.
[7] In re Carroll (1985), 28 Ohio App.3d 6, 9.
[8] Id.
[9] Id.