This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Plaintiff-Appellant Metropolitan Bank Trust Company has appealed a decision of the Summit County Court of Common Pleas that rendered judgment in favor of Defendants-Appellees Raymond and Margaret Szczepaniak. This Court dismisses the appeal.
 I {¶ 2} On October 23, 2000, Raymond and Margaret Szczepaniak ("Szczepaniaks") filed an appeal with this Court, whereby they asked this Court to determine: (1) whether Metropolitan Bank Trust Company's ("Metro Bank") interest in certain property had priority over the Szczepaniaks' interest; (2) whether the Szczepaniaks' objections to the magistrate's decision were timely filed; and (3) whether the trial court erred as a matter of law when it granted KeyBank National Association's ("KeyBank") motion to dismiss.
 {¶ 3} This Court held that the Szczepaniaks' mortgage lien had priority over Metro Bank's mortgage lien. Metropolitan Bank TrustCo. v. Roth (Apr. 25, 2001), 9th Dist. No. 20322, at 6. We reasoned that "it would be thoroughly inequitable to permit [Metro Bank] to take advantage of [the filing error] when [Metro Bank] took no actions in extending credit in reliance upon the mistaken filings." Id. at 5. We also held that the trial court erred as a matter of law in concluding that the Szczepaniaks filed untimely objections. Id. at 5-6. The objections, this Court held, were filed fourteen days after the magistrate's decision, and thus were timely filed. Id. The cause was remanded to the trial court.
 {¶ 4} Upon remand from this Court, the trial court denied KeyBank's motion to dismiss. However, on January 3, 2002, the Szczepaniaks filed a notice of voluntary dismissal dismissing their claims against KeyBank. After the Szczepaniaks dismissed KeyBank as a party to the action, the magistrate issued an order on January 10, 2002, which stated that "it was agreed by counsel for all parties that the only matter pending resolution was related to certain `interest calculation.' Wherefore, the attorney for the `Szczepaniaks' shall file forthwith only motions on such issue[.]"
 {¶ 5} The Szczepaniaks did not file a motion with regard to the issue of "interest calculation" until March 11, 2002, approximately sixty days after the magistrate's January 10, 2002 order. In their motion, styled "Motion to Establish Amount of Interest Owed," the Szczepaniaks argued that (1) they were owed $8,051.48[1] in interest, and (2) they were owed $569.80 in late charges. The magistrate held that the Szczepaniaks were not entitled to address the amount of late charges they believed Metro Bank owed to them. As such, the magistrate concluded that the issue of $569.80 in late charges was improperly presented and not a matter for consideration by the court.
 {¶ 6} As to the Szczepaniaks' claim that Metro Bank owed them interest in the amount of $8,051.48, the magistrate held that the Szczepaniaks were not entitled to $8,051.48 in interest because their motion was untimely filed and "the Szczepaniaks failed to articulate in any persuasive manner any basis for awarding them $8,051.48 in interest." Consequently, the magistrate concluded that the total amount due to the Szczepaniaks was $29,967.77, which Metro Bank had previously paid.
 {¶ 7} The Szczepaniaks filed timely objections to the magistrate's decision. The trial court rejected the magistrate's decision on June 12, 2002. It found that the Szczepaniaks were entitled to both the late charges of $569.80 and interest in the amount of $8,051.48. Metro Bank has appealed the trial court's decision, asserting two assignments of error, which we have consolidated to facilitate review.
 II Assignment of Error Number One {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN REVERSING ITS MAGISTRATE'S FINDING AS TO INTEREST AND LATE FEES OWED TO APPELLEES ON THEIR MORTGAGE LIEN."
 Assignment of Error Number Two {¶ 9} "THE TRIAL COURT'S FINDING AS TO THE TIMELINESS OF APPELLEES' MOTION CONCERNING INTEREST AND LATE FEES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} In Metro Bank's first and second assignments of error, it has essentially argued that the trial court erred when it rejected the magistrate's decision, and found that the Szczepaniaks' motion, styled "Motion to Establish Amount of Interest Owed," was timely filed. For reasons discussed below, we decline to address the merits of Metro Bank's assignments of error.
 {¶ 11} The amount of interest Metro Bank owed to the Szczepaniaks was initially addressed in KeyBank's October 4, 2001 motion to amend confirmation and distribution order. In that motion, KeyBank requested the trial court to amend the February 1, 2002 order confirming the sale of the Brandywine property by 1) declaring that the Szczepaniaks were entitled to payment of the proceeds claimed upon the mortgage, and 2) ordering Metro Bank to pay to the Szczepaniaks $29,667.33 "with interest on the principle [sic] only at the rate of 7.25% from and after October 28, 2001[.]"[2] The trial court granted KeyBank's motion in its entirety on November 29, 2001, and Metro Bank was ordered to "post and deposit with the Summit County Sheriff an amount sufficient to satisfy the proceeds of the Szczepaniaks' mortgage which is in the approximate amount of $29,677.33 coupled with the requisite interest."
 {¶ 12} The trial court's November 29, 2001 order was a final, appealable order pursuant to R.C. 2505.02[3] because the order was, in effect, an amended order of confirmation of sale.[4] Citizens Loan Savings Co. v. Stone (1965), 1 Ohio App.2d 551, 552-553 ("[A]n order confirming a sale is a final order and appealable. Confirmation is part of the sale proceedings, and such proceedings are special proceedings to enforce a judgment or decree. Further, as to * * * [a] property owner, the right to retain ownership of his property is clearly a substantial right, and it is the confirmation order which operates to divest him of that right."). If the parties disagreed with the trial court's November 29, 2001 order they should have filed an appeal pursuant to App.R. 4(A). However, the parties did not appeal the trial court's November 29, 2001 order. Therefore the order was final, and Metro Bank was required to deposit $29,667.33 plus the requisite interest.
 {¶ 13} Based upon KeyBank's motion to amend the confirmation and distribution order, and the November 29, 2001 order granting the motion, interest was to be calculated from October 28, 2001.[5] Thus, there was no need for the magistrate to later conclude in his January 7, 2002 order that "the only matter pending resolution was related to certain `interest calculation,'" and then allow the parties to file a motion discussing the amount of interest owed. The parties did not have to decide whether interest should be calculated from the date the Szczepaniaks purchased the mortgage from KeyBank, i.e., April 1, 1998, or from the date Metro Bank was actually ordered to deposit the funds with the sheriff's department, i.e., November 29, 2001. By failing to appeal the November 29, 2001 order, the parties were bound by the date contained in KeyBank's motion, i.e., October 28, 2001, as the time in which interest started to accrue on the principal.
 {¶ 14} Furthermore, the trial court did not have jurisdiction to modify the November 29, 2001 order because a trial court does not have the inherent power to modify a final judgment.[6] "Once an order has been journalized by a trial court as a final appealable order, that order cannot be modified or vacated except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)." Krumheuer v.Flowers Versagi Court Reporters (Nov. 6, 1997), 8th Dist. No. 72431, 1997 Ohio App. LEXIS 4867, at *5. Therefore, the trial court's July 12, 2002 judgment entry is a nullity and the November 29, 2001 order amending the confirmation of sale is the final order in the action.
 {¶ 15} In light of the foregoing discussion, this Court concludes that we also lack jurisdiction to hear the matter. As previously noted, the Rules of Appellate procedure require the notice of appeal to be filed "within thirty days of the later of entry of the judgment or order appealed." App.R. 4(A); see, also, Rundle v. Rundle (1997),123 Ohio App.3d 304, 305. "This time requirement is jurisdictional and may not be extended. Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed." (Citations omitted) Rundle, 123 Ohio App.3d at 305, quoting Spivey v. Spivey (Dec. 19, 1991), 8th Dist. No. 61865, 1991 Ohio App. LEXIS 6231, at *3. Because Metro Bank failed to file a timely appeal from the November 29, 2001 order, this Court is without jurisdiction to consider Metro Bank's assignments of error.
 III {¶ 16} Because the parties have failed to file a timely appeal from the trial court's November 29, 2001 order, we are without jurisdiction to hear this appeal. Accordingly, Metro Bank's appeal is dismissed.
SLABY, P.J., CARR, J. CONCUR.
[1] The interest was calculated based on the full value of the mortgage the Szczepaniaks purchased from KeyBank ($29,677.33), plus interest at a yearly rate of 7.25 percent from the date the Szczepaniaks purchased the mortgage from KeyBank (Apr. 1, 1998) through the date Metro Bank actually deposited the funds with the sheriff's department (December 29, 2001).
[2] This Court is unsure why KeyBank represented that interest on the mortgage should start accruing from October 28, 2001. Subsequent journal entries indicate that the magistrate intended that interest start accruing from November 29, 2001 (the date the trial court ordered Metro Bank to deposit the funds with the sheriff's department), rather than October 28, 2001.
[3] R.C. 2505.02(B) provides, in pertinent part:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
[4] The court in NBD Mort. Co. v. Marzocco (Nov. 2, 2001), 2nd Dist. No. 18824, 2001 Ohio App. LEXIS 4861, also recognized that orders confirming a sale are final, appealable orders. The Marzocco court further noted that if claims are still pending in the trial court, the order confirming a sale must have a Civ.R. 54(B) certification to be appealed. Id. at *21. In the case sub judice, the November 29, 2001 order did not contain the required Civ.R. 54(B) language (i.e., "no just reason for delay") despite the fact that there were still claims pending in the trial court, i.e., the Szczepaniaks' crossclaim against KeyBank. However, the Szczepaniaks voluntarily dismissed KeyBank from the action on January 3, 2002, thereby eliminating all claims still pending before the trial court. As a result, the November 19, 2001 order became a final, appealable order. Denham v. New Carlisle (1999), 86 Ohio St.3d 594,597 (holding that a decision of the trial court granting summary judgment based on immunity for one of several defendants in a civil action becomes a final, appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)).
[5] Metro Bank has failed to argue that October 28, 2001 was the correct date on which interest started accruing based on the trial court's November 29, 2001 order. In fact, neither party argues that the November 29, 2001 order was a final, appealable order. The order from which the parties have appealed is the July 12, 2002 judgment entry.
[6] The trial court could have entertained a motion whereby the Szczepaniaks or Metro Bank argued that there was some error in the calculation of interest from October 28, 2001 through December 29, 2001. However, the Szczepaniaks, in their "Motion to Establish Amount of Interest Owed," were attempting to do more than argue that there was an error in calculation. Rather, they wanted the trial court to reconsider the date on which interest started to accrue on the principal, which was improper in light of the November 29, 2001 order.