JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, Elizabeth Whitmore challenges an order of Judge Joseph D. Russo that denied her motion for relief from judgment and to stay the sheriff's sale of her real estate. Whitmore untimely attempted a direct appeal to this court asserting the same issues she argued in a subsequently filed Civ.R. 60(B) motion for relief from judgment in which she alleged "fraud against the court." We affirm.
 {¶ 2} On October 27, 2000, Firstar Bank, N.A., successor in interest to Firstar Bank of Milwaukee, ("Firstar") filed a foreclosure action asserting Whitmore's default on a promissory note secured by a mortgage on property located at 12705 Bartfield Avenue in East Cleveland. Whitmore answered and Firstar, with leave of court, filed an amended complaint to which Whitmore did not respond. On June 20, 2001, Firstar moved for summary judgment on its amended complaint, Whitmore did not oppose it, and by a journal entry of September 24, 2001, Magistrate Elizabeth Bagnato found that Whitmore had breached the terms of the mortgage and that Firstar was entitled to a decree of foreclosure. Whitmore filed objections to the decision, including an objection that she had not been provided with any payoff statement from Firstar, and was denied her right, under the mortgage, to redeem it and retain her property. The judge adopted the magistrate's decision on October 29, 2001, but Whitmore did not appeal from that order until January 22, 2002. On January 24, 2002, this court, sua sponte, dismissed her appeal (App. No. 80786) as untimely under App.R. 4(A) stating that any appeal from the judge's order should have been filed in response to the decision adopting the Magistrate's decision, and not based on the date of a scheduled sheriff's sale.[1]
 {¶ 3} The judge confirmed the sale of the property to Firstar on February 1, 2002, and Whitmore moved for relief from judgment and also filed a motion to stay proceedings on April 12, 2002.
 {¶ 4} In her motion, Whitmore alleged that, under the terms of the mortgage, Firstar's conduct in not providing her with a payoff statement constituted a fraud upon the court or, reading the motion very broadly, as misconduct on Firstar's part, justifying relief under Civ.R. 60(B)(3). The motion was denied, and Whitmore now appeals from that order.
 {¶ 5} Whitmore asserts it was error to deny her relief from judgment or to stay proceedings because of Firstar's alleged misconduct in persistently failing to provide her with a payoff statement, and it was error to deny her a hearing on that motion.
 {¶ 6} A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the judge and a ruling will not be disturbed absent an abuse of discretion.[2] In order to find an abuse of discretion, a reviewing court must determine the decision was unreasonable, arbitrary or unconscionable.[3] "`If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'"[4]
 {¶ 7} In Grava v. Parkman Twp.,[5] the Ohio Supreme Court held: "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In addition, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." (Emphasis added.)[6] It is axiomatic that "a party may not use a 60(B) motion as a substitute for a timely appeal."[7] Put another way, "no issue that can be raised in a direct appeal can be used as a basis for Civ.R. 60(B) relief."[8]
 {¶ 8} In the instant case, Whitmore failed to answer Firstar's amended complaint or assert an affirmative defense, under the mortgage contract itself, that she wished to redeem her mortgage by paying it off. She did, however, explicitly object to the Magistrate's decision on the ground that Firstar had "* * * failed to responsibly respond and or respond in anyway [sic] to the request for these documents to which they were entitled * * *."[9]
 {¶ 9} She failed to timely appeal the judgment, and then moved under a Civ.R. 60(B), asserting the same substantive grounds she stated in her objections to the magistrate's decision before entry of final judgment in favor of Firstar. Because a Civ.R. 60(B) motion does not extend the time for filing an appeal,[10] Whitmore's attempt to again appeal, based on the same perceived errors in the magistrate's decision, remains untimely. Lack of timeliness deprives this court of jurisdiction to consider the merits of the issue raised therein.[11] We are, therefore, unable to pass upon any assigned error related to any misconduct on Firstar's part in allegedly failing to provide Whitmore with a timely payoff statement.[12]
 {¶ 10} In GTE Automatic Electric v. ARC Industries,[13] the Ohio Supreme Court held: "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} Civ.R. 60(B) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from judgment. * * *"[14]
 {¶ 12} "Fraud upon the court," is a recognized reason for granting relief to a party under Civ.R. 60(B)(5). While there is no precise definition of "fraud upon the court,"the Supreme Court of Ohio inCoulson v. Coulson,[15] cited the following description with approval:
 {¶ 13} "* * * `Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, interparties, without more, should not be a fraud upon the court, but redress should be left to a motion under [Fed.R.Civ.P.] 60(b)(3) or to theindependent action.'"[16]
 {¶ 14} The Court further stated: "It is generally agreed that `* * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense.'[17] Thus, in the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment."[18]
 {¶ 15} At most, Whitmore's allegation that Firstar's failure to comply with her supposed request to produce an accurate payoff statement constituted a breach of the mortgage agreement or a discovery abuse by Firstar. She never alleged breach of contract, or asserted any affirmative defense based thereon, or requested an order compelling the discovery of the information she now argues was vigorously sought prior to judgment. Whereas an appeal based upon a fraud on the court, if successful, could reverse a judgment, nothing in the record or any asserted misdeeds of Firstar can be contorted into a claim that Firstar or its attorneys in any way acted, through any type of intentionally fraudulent conduct or omission, to impair the decision-making ability of the judge. Because the Civ.R. 60(B) motion had no arguable merit, it was not an abuse of discretion to deny it.
 {¶ 16} Since the motion for relief from judgment, and its accompanying request for a stay of execution, presented Whitmore with no colorable claim for relief, it was properly denied without a hearing.[19]
Judgment affirmed.
Diane Karpinski, J. and Joseph J. Nahra, J., concur.
[1] Third National Bank of Circleville v. Speakman(1985),18 Ohio St.3d 119, 120.
[2] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Coulson v. Coulson (1985), 5 Ohio St.3d 12, 16 citing Adomeit v.Baltimore (1974), 39 Ohio App.2d 97.
[5] 73 Ohio St.3d 379, syllabus 6.
[6] Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69, Natl.Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62.
[7] Doe v. Trumbull Cty. Children's Services Bd. (1986),28 Ohio St.3d 128, paragraph 2 of the syllabus.
[8] County of Santa Clara v. Johnson (June 26, 1996), Adams App. No. 95CA600, citing Doe v. Trumbull Cty. Children's Services Bd., supra.
[9] See Whitmore's October 2, 2001 Objections to Magistrate'sDecisions, Paragraph 12.
[10] Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 384.
[11] Kemper Securities, Inc. v. Schultz (1996), 111 Ohio App.3d 621,Rundle v. Rundle (1997), 123 Ohio App.3d 304.
[12] Paragraph 9 of the Affidavit of Ivory Welsh who works with Whitmore's lawyer stated that the information was received by him on January 10, 2002, in response to his telephone request of January 8, 2002. Appellant's brief Appendix C.
[13] (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, Syllabus 2.
[14] See Civ.R. 60(B); See also Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
[15] (1983), 5 Ohio St.3d 12.
[16] Id. at 15. Citations omitted, emphasis added.
[17] 11 Wright Miller, Federal Practice and Procedure (1973) 253, Section 2870.
[18] Id. at 15, 448 N.E.2d at 812. See also Zimmie v. Zimmie (Dec.22, 1988), Cuyahoga App. No. 54860.
[19] See Coulson v. Coulson, supra, at footnote 4.