OPINION
{¶ 1} Plaintiff-appellant, Roger Rutan, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint against defendant-appellee, Phillip M. Collins. Because we lack jurisdiction to hear this matter, we dismiss appellant's appeal.
 {¶ 2} Appellant is currently incarcerated in the London Correctional Institute. In 1997, he was convicted of nine counts of gross sexual imposition in violation of R.C. 2907.05, two counts of felonious sexual penetration in violation of R.C. 2907.12, seven counts of contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24, three counts of corrupting another with drugs in violation of R.C. 2925.02, and two counts of kidnapping in violation of R.C. 2905.01. This court affirmed all but one of those convictions on appeal. State v. Rutan (Dec. 16, 1997), Franklin App. No. 97AP-389.
 {¶ 3} By complaint filed May 17, 2001, appellant initiated this lawsuit against appellee, an attorney. In his complaint, appellant averred that his brother, on appellant's behalf, paid appellee $1,800 to obtain appellant's case file from his previous attorney and to investigate a possible legal challenge to his criminal convictions. Appellant alleged that appellee did not perform the requested services and did not return his money.
 {¶ 4} A jury trial was scheduled for May 23, 2002. On April 9, 2002, appellant filed a motion requesting the court to order prison officials to transport him from prison to the courthouse for his trial date. By entry dated May 21, 2002, the trial court denied appellant's request. In that same entry, the trial court continued the trial date to August 6, 2002, so that appellant could obtain depositions to present in lieu of live testimony. Appellant, however, waited until July 16, 2002, to file a motion to perpetuate testimony via depositions upon written questions pursuant to Civ.R. 31. Appellant also asked for a continuance of the August 6, 2002 trial date. The trial court did not rule on this motion prior to the scheduled trial date.
 {¶ 5} On August 8, 2002, the trial court dismissed appellant's complaint for appellant's failure to appear at the August 6, 2002 trial date. On August 19, 2002, appellant filed a motion for reconsideration of that dismissal. By entry dated September 6, 2002, the trial court purported to grant appellant's motion for reconsideration apparently for the purpose of addressing appellant's motion for depositions upon written questions and continuance of the trial date. The trial court found appellant's motion untimely and, therefore, denied the motion and reaffirmed its dismissal of the case for want of prosecution. Although on the face of the September 6, 2002 entry, the trial court granted appellant's motion for reconsideration — so that it could address appellant's Civ.R. 31 motion — it does not appear that the trial court reconsidered its dismissal for appellant's failure to prosecute.
 {¶ 6} Appellant appeals, assigning the following error:
Trial court abused its discretion and committed error by dismissing appellant's case for failure to prosecute, where appellant made many attempts as a pro-se litigant to attend the hearing either in person or via perpetuating testimony, without the courts assistance.
 {¶ 7} Before reaching the merits of appellant's appeal, we must first determine whether this court has jurisdiction to hear the appeal. Noble v. Colwell (1989), 44 Ohio St.3d 92, n. 1 (jurisdictional issues may be raised sua sponte by appellate court). Appellant appeals from the trial court's September 6, 2002 entry, which addresses his motion for reconsideration. However, motions for reconsideration are not proscribed by the Ohio Rules of Civil Procedure and are considered a nullity when filed after a final judgment. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, 379-380; Duncan v. Capitol South Community Urban Redevelopment Corp., Franklin App. No. 02AP-653, 2003-Ohio-1273, at ¶ 20. The trial court's August 8th entry of dismissal for failure to prosecute is a final judgment. McCann v. Lakewood (1994),95 Ohio App.3d 226, 231. Therefore, appellant's motion for reconsideration filed after that final judgment is a nullity. Saker v. Barton (May 20, 1999), Franklin App. No. 98AP-1142. Moreover, "[i]t follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment." Primmer v. Lipp, Fairfield App. No. 02-CA-94, 2003-Ohio-3577, at ¶ 7; see, also, State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60; Duncan, supra; Dunkle v. Kinsey (Oct. 17, 2001), Summit App. No. 20502; Wright v. DeWitt (Feb. 4, 2002), Ross App. No. 02CA2645. The proper remedy for appellant in this situation would have been to file a motion for relief from judgment under Civ.R. 60(B). Appellant failed to file a Civ.R. 60(B) motion.
 {¶ 8} Because the trial court's September 6, 2002 entry is a nullity, we must look to the court's August 8, 2002 dismissal entry in determining whether appellant timely filed his notice of appeal. The filing of a timely notice of appeal is jurisdictional and cannot be enlarged by the court. Rundle v. Rundle (1997), 123 Ohio App.3d 304,305-306; Wright, supra, citing App.R. 14(B). Pursuant to App.R. 4(A), a party shall file a notice of appeal within 30 days of the entry of the judgment. Appellant's motion for reconsideration does not extend this appeal time. Kauder v. Kauder (1974), 38 Ohio St.2d 265, 267; Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 176. When a notice of appeal is filed outside the time frame specified in App.R. 4(A), this court lacks jurisdiction to consider the matter and the appeal must be dismissed. Dunkle, supra; Primmer, supra; Wilson v. Francis, Clinton App. No. CA2001-10-034, 2002-Ohio-2416, ¶ 2-3.
 {¶ 9} Although the record is not completely clear, it appears that appellant's notice of appeal was filed no earlier than September 30, 2002, a date more than 30 days from the August 8, 2002 entry. Accordingly, because appellant did not timely file his notice of appeal, this court lacks jurisdiction to hear the appeal. Appellant's appeal is, therefore, dismissed.
Appeal dismissed.
BOWMAN and BROWN, JJ., concur.