JOURNAL ENTRY and OPINION
{¶ 1} Appellant-mother appeals from a domestic relations court order finding that she was obligated to pay child support in the amount of $1600 per month for a period of thirty-six months from the date of the parties' divorce until June 4, 1999. She contends that this order exceeds the scope of the court's authority on remand from this court, and arbitrarily determined that she owed $58,752 to appellee for this period. We find no error in the court's decision and affirm its judgment.
 Procedural History {¶ 2} The parties were divorced pursuant to an agreed judgment entry of June 4, 1996. The divorce decree incorporated, with modifications, a shared parenting order which had been previously entered by the court on March 8, 1996 in relation to the parties' three children, Vittoria, born February 14, 1987, Owen, born March 25, 1988, and Reese, born August 2, 1989. The court further ordered that "the Plaintiff, Halle Rex Conner, shall pay to the Defendant, Richard T. Conner, the sum of $1,600.00 plus 2% poundage ($1,632.00 including poundage), every month for the support of the minor children. Attached hereto as Exhibit `A' is the worksheet used in computing the child support under Ohio Revised Code Section3113.215. * * * Wife agrees to indemnify Husband in the amount equal to her obligation to contribute to the support of the minor children plus $1,600.00 per month toward Husband's contribution to the support of the minor children for a period of three (3) years from the date of this order. Husband agrees to indemnify Wife in the amount equal to his obligation to contribute to the support of the minor children less $1,600.00 per month toward Wife's contribution to the support of the minor children for a period of three (3) years from the date of this order."
 {¶ 3} The divorce decree modified the agreed shared parenting order to provide that specified party representatives would select an arbitrator "to determine and recommend to the Court a permanent plan for allocation [of parental rights and responsibilities], possession schedule, and choice of school" by August 1, 1996. The court further determined that "[t]he arbitrator's decision will be in effect until the Court has ordered the recommendations of the arbitrator take effect."
 {¶ 4} The arbitrator's recommendations were not ordered into effect until 2002, but, according to an affidavit filed by plaintiff in November 1997, the parties voluntarily abided by her recommendation that Vittoria should be in the primary possession of appellant while Owen and Reese should be in the primary possession of appellee.
 {¶ 5} In April 1999, both parties sought modification of appellant's child support obligations based on the fact that the three-year period specified in the divorce decree was expiring. Appellant further asked the court to terminate withholding of support. On June 19, 1999, the court ordered the Cuyahoga Support Enforcement Agency ("CSEA") to stay disbursement of all support received from appellant and to hold those funds pending a ruling on appellant's motion to terminate withholding. However, the court vacated this order in part on December 1, 1999, continuing to stay disbursement of one-third of the support funds appellant paid to the CSEA pending further court order, but ordering disbursement of the remaining two thirds to appellee. The court also ordered the CSEA to disburse to appellee two-thirds of the funds it already had on hold, but to continue to hold the remaining one-third of the money pending further court order. It based this decision on the split possession of the parties' three children.
 {¶ 6} The court ultimately denied appellant's motion to modify support and to terminate withholding, granted appellee's motion to modify support, and ordered appellant to pay to appellee child support in the amount of $2002.71 per month (which sum included a 2% processing fee) from June 4, 1999.
 {¶ 7} This court affirmed these decisions. Rex v. Conner, Cuyahoga App. Nos. 81210, 81810, 2003-Ohio-4561. However, this court "recognize[d] the plain error resulting from the inconsistency between the possession schedule and child support order from the original divorce decree. The original decree, which all parties and their counsel approved, nonetheless required child support to be paid by Rex to Conner for three children. Contrary to that child support order, Rex had possession of one of the children and therefore, at most, should have been paying child support for only the two children in Conner's possession.
 {¶ 8} "We recognize that the record reflects a later order began to withhold one-third of Rex's payment at the [CSEA] pending a further court order. However, the record is silent as to the resolution of Rex's overpayment and Conner's underpayment during this period. * * * Therefore, we remand to the trial court solely for a determination ofarrearage, if any, owed by either party flowing from the three-yearperiod of the original child support order * * *." Rex v. Conner,
2003-Ohio-4561, ¶¶ 61-62 (Emphasis added).
 {¶ 9} On remand, the domestic relations court found as follows:
 {¶ 10} "Based upon the agreement of the parties, the Court finds that the child support provision was not modifiable for a period of three years from the date of the divorce, until June 4, 1999. The Court therefore finds that $1,600.00 per month was owed from Plaintiff to Defendant for a period of thirty-six months, regardless of the possession arrangements, and Plaintiff's actual possession of the child Vittoria since the divorce. Including 2% processing charge, this totals $58,752.00.
 {¶ 11} "The Court further finds that its order of December 1, 1999 staying disbursement of one-third of the $1,600.00 pending further order of Court * * * was in the nature of a temporary restraining order and did not substantively alter (lower) the Plaintiff's support obligation. Nor did it establish an obligation for the Defendant to pay support to the Plaintiff. The Court further finds that there is no order in the divorce decree requiring the Defendant to pay child support for the support of the minor children.
 {¶ 12} "The Court further finds that no records from the Cuyahoga Support Enforcement Agency were provided at the hearing to allow the Court to determine how much Plaintiff has paid, and to whom the CSEA has released funds. The court is therefore unable to calculate an arrearage, if any, owed by the Plaintiff to the Defendant."
 {¶ 13} Appellant now appeals from this order.
 Law and Analysis {¶ 14} Appellant argues that the domestic relations court exceeded the scope of this court's order of remand by failing to recognize and correct the error found by this court in the original judgment entry. We disagree. This court remanded the case "solely for a determination of arrearage, if any, owed by either party flowing from the three-year period of the original child support order." This order did not require the domestic relations court to conduct an additional hearing. The domestic relations court complied with it when the court determined that appellee had no obligation to pay support and that appellant's total obligation for the three-year period at issue was $58,752.00.
 {¶ 15} While our prior opinion recognized the inequity in the parties' initial agreed child support order,[1] our unfortunate characterization of this inequity as "plain error" did not require the common pleas court to correct it at this late date. This court did not have jurisdiction to review the June 1996 divorce decree in the prior appeal. See, e.g.,Rundle v. Rundle (1997), 123 Ohio App.3d 304. The time for appealing from that order had passed long before the appeal was filed in 2002. Therefore, we decline to read the prior opinion as broadly as appellant demands, and overrule the first assignment of error.
 {¶ 16} Appellant also contends that the domestic relations court arbitrarily determined that her support obligation for the three-year period was $58,752.00. She argues that she overpaid support during this period. This argument is based on the erroneous assumption that the amount she was ordered to pay represented support for all three children, but that she should only have been obligated to pay support for the two children in her husband's possession. As the common pleas court correctly noted, however, appellant was ordered to pay $1,600.00 in child support to appellee regardless of the possession of the children. Including a 2% processing fee of $32 per month, the court correctly determined that the total amount of appellant's child support obligation for the three-year period from June 1996 to June 1999 was $58,752.00. Therefore, we overrule the second assignment of error and affirm the domestic relations court's judgment.
 {¶ 17} It is ordered that appellee recover of appellant his costs herein taxed.
 {¶ 18} The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Calabrese, Jr., J. Concur.
[1] The award of child support was included in the agreed divorce decree, which was entered some months before the arbitrator determined the possession of the children and the allocation of parental rights and responsibilities. The parties agreed that the support order would be unmodifiable for a period of three years. These agreed conditions made an inequity in the allocation of support in relation to the possession of the children almost inevitable.